UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
====================================================================
In re:
      STEPHEN R. BILLY           )
                                    )
                                    )
                                    )     CHAPTER 13
                                    )     Case No.:10-
                          Debtor.    )
====================================================================

CHAPTER 13 PLAN


    (If this form is used by joint debtors, wherever the word
"debtor" or words referring to debtor are used, they shall be
read as if in the plural.)

    1.   The future earnings of the debtor are submitted to the
supervision and control of the trustee and the debtor.  Debtor
shall pay to the trustee the sum of $800.00 per month for 60
months.
        Total of plan payments: $48,000.00.

    2.   The various claims of the Debtor's creditors shall be
classified as follows:

    a.   Class One: Administrative Claims.

    b.   Class Two: Claims filed and allowed which are entitled
        to priority under 11 U.S.C. §507.

    c.   Class Three:  All allowed secured claims secured by a
        lien which are not avoidable by the Debtor under 11
        U.S.C. §522.  A Creditor's secured claim shall be the
        lesser of the amount due on the date of filing or the
        value of the collateral to which the creditor's lien
        attaches.  Upon payment of the amount allowed by the
        Court as a secured claim in the Plan, the secured
        creditors included in the plan shall be deemed to have
        their full claims satisfied and shall terminate any
        mortgage, lien or security interest on the debtor's
        property which was in existence at the time of the
        filing of the Plan, or the Court may order termination
        of such security interest.

    d.   Class Four:  All allowed  unsecured claims.

    3.   The payments received by the trustee from the Debtor
pursuant to this plan shall be distributed as follows:

    a.   Class One Claims:  The amount paid by the Debtor to the
        trustee shall be distributed first to the class one

claims, pro rata, until they are paid in full.

    1.  Trustee's Commissions.
    2.  Balance of Attorney's Fees to David P. Zangari in
       the amount of $2,200.00.

b.  <u>Class Two Claims</u>:  After the application of the appropriate amount to the class one claims, the entire amount of the monthly payment remaining shall be distributed to the holders of the class two claims until each claimant shall have received 100% of amount allowed on each claim.
    1.  NYS Department of Taxation $1,784.00
    2.  Internal Revenue Service  $2,920.00

c.  <u>Class Three Claims</u>:  After the application of the appropriate amount each month to the class one and class two claims, the entire amount of the monthly payment remaining in the hands of the trustee shall be distributed to the holders of the class two claims until each such claimant shall have received 100% of the amount allowed on each claim.

d.  <u>Class Four Claims</u>:  After the application of the appropriate amount each month to the class one, class two and the class three claims, the entire amount of the monthly payment remaining in the hands of the trustee shall be distributed, pro rata, to the holders of the class four claims as follows:

**13.5%**

4. a.  The first mortgage on the Debtor's home, 1228 N. Glencove Road, Syracuse, NY, held by Citi Bank Mortgage, will be paid directly to that creditor and will not be paid under the plan.  At the time of the filing of the Petition, arrears in the approximate amount of $31,000.00 were owed on the mortgage, and the arrears shall be paid by the Trustee without interest.

b.  The second mortgage on the Debtor's home, 1228 N. Glencove Road, Syracuse, New York, held by Bank of America, will be paid directly to that creditor and will not be paid under the plan.  At the time of the filing of the petition, no arrears were owed.

5.  That the following **PROPERTY SHALL BE SURRENDERED IN FULL SATISFACTION OF THE SECURED CLAIMS:**

| Name of Creditor | Security | Amount |
|---|---|---|
| None | | |

All judgment liens that impair the homestead of the debtors shall be avoided pursuant to 11 U.S.C. 522(f).

6.    By failing to object to this plan, or any modification thereof, all creditors holding claims agree not to make any effort to collect their claims from any cosigners that may exist, so long as this case remains pending.

7.    Confirmation of this plan shall constitute a finding in accordance with 11 U.S.C. §1322 that there is cause for extending the plan beyond three years.  Confirmation shall also constitute approval of such extension.  Such extension is essential to the success of the plan.  Without it the plan would fail and no claims would be paid according to said plan.

8.    The title to the property of the estate shall revest in the Debtor upon confirmation of this plan, and the Debtor shall have sole right to use and possession thereof during the pendency of this case.

9.    Any money or property acquired by either the trustee or the Debtor or refunded from the trustee's percentage fees, while this case is pending shall be deemed exempt property of the debtor if exemptible, and shall be forthwith delivered to the Debtor.

10.   The Employer on whom the Court will be requested to order payment withheld from earnings is:

Time Warner Cable


11.   The following executory contracts are rejected, with the refunds of prepaid charges claimed as exempt property:


12.   The claims of any creditor not listed as of the date of filing, or any post petition claim shall, upon amendment of the plan, be allowed and paid through the amended plan.

Title to the Debtor's property shall revest in the debtor on confirmation of a plan or upon dismissal of the case after confirmation, pursuant to 11 U.S.C. §350.

Dated:____12-20-10_____          _____
                                        STEPHEN R. BILLY